(September 25, 1985)

■ In the Matter of RICHARD A. INSOGNA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Petitioner moves to confirm a referee's report which sustained two charges of professional misconduct against respondent. Respondent is an attorney who was admitted to practice in this Department in 1953 and maintains a law office in the City of Amsterdam, Montgomery County.

The relevant facts underlying the charges against respondent are admitted by him and are fully corroborated by the testimony of his former clients at the hearing before the referee. In essence, in or about May 1981, respondent drafted a separation agreement for his clients who were then married and desired a divorce. The agreement indicated that it was being signed by the parties on September 3, 1980 and the acknowledgement, which appeared at the foot of the agreement and was signed by respondent as a notary, stated that the parties had appeared before him and executed the document on that date. By respondent's own admission, the agreement was actually signed at the earliest in May 1981. The testimony of the parties also indicated that they were living together on September 3, 1980 and for some time thereafter. In September 1981, respondent obtained a conversion divorce for the parties on the stated ground that they had lived separate and apart pursuant to a written separation agreement for a period of one year (Domestic Relations Law § 170 [6]). Thereafter, however, the divorce decree was set aside by

the Supreme Court on the ground that the backdating of the separation agreement rendered the decree jurisdictionally invalid and was a "blatant attempt to circumvent the laws of this state".

Respondent was charged with violating the Code of Professional Responsibility DR 1-102 (A) (4), (5) and (6) for his actions in falsely certifying as a notary that the separation agreement had been signed by the parties on September 3, 1980 and later obtaining a divorce for the parties based on the agreement. We confirm the referee's report sustaining these charges.

In mitigation of his actions, respondent contends that he had good intentions and was merely acceding to the wishes of his clients who desired to terminate an obviously dead marriage. He also argues that an equally speedy divorce could have been obtained on the ground of adultery but that this course was not followed since the parties wished to avoid charges of misconduct.

Respondent's intentions and the availability of another ground for the divorce notwithstanding, we find that his actions undermined the clearly enunciated public policy of this State against "quickie" no-fault conversion divorces and impaired the administration of justice by placing a fraudulent document before the courts. His actions were also plainly violative of the substantial policy underlying Executive Law § 135-a (2) which provides sanctions for fraud or deceit on the part of a notary public. Respondent is therefore guilty of serious misconduct warranting the imposition of discipline by this court.

After considering all the facts and circumstances of this matter, we believe an appropriate sanction is suspension of respondent from the practice of law for a period of six months.

Respondent suspended for six months, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.